# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO CONCEPCION, | : | CIVIL NO. 3:17-cv-2171 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| L. ODDO, WARDEN, FCI ALLENWOOD, *et al.*, | : | |
| | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner, Alberto Concepcion ("Concepcion" or "Petitioner"), a federal inmate incarcerated at the Federal Correctional Institution at Berlin, New Hampshire. He contends that his due process rights were violated by the issuance of a prison incident report and the attendant disciplinary proceedings conducted at the Federal Correctional Institution at Fort Dix, New Jersey. Sanctions included, *inter alia*, loss of good conduct time. He is seeking restoration of his good conduct time.[1]

---

[1] To the extent that Concepcion includes a claim of retaliation, such a claim cannot be brought in a habeas petition. A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

     When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, as Concepcion seeks to do with his retaliation claim, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or

The petition is ripe for disposition and, for the reasons that follow, will be denied. Also pending are a number of motions (Doc. 12, 13, 17-19) filed by Concepcion. They, too, will be denied.

I.  **BACKGROUND**

Following a May 18, 2017, shakedown of his cell, Concepcion received incident report 2989315, charging him with Prohibited Act Codes 104, possession, manufacturing, introduction of a weapon, and 108, possession, manufacturing, introduction of a cell phone. (Doc. 1, p. 18). The incident report contained the following information:

> On the above date and time, Officer J. Harris was conducting a shakedown of Room 307 in Unit 5752. In the unsecured locker of 307-2L I located a wall locker safe on the bottom left corner of the locker. Next, I removed the magnetized metal plate to find the following contraband in pouches magnetized to the back of the locker. Inside the pouches I found 1 black Motorola cell phone, 1 BMW key fob cell phone, 1 3 inch Tac Force switch blade, 1 Sprint sims card, 5 cell phone batteries, 3 homemade cell phone batteries, 1 screw driver bit, and 4 USB cords. All contraband was confiscated and sent to the Lieutenant's Office. Operations Lieutenant notified.

(Id.) The disciplinary hearing took place on June 22, 2017. (Id. at 35). The disciplinary hearing officer found Concepcion guilty of both charges and sanctioned him with a total of eighty days' disallowance of good conduct time, and loss of commissary and phone privileges for a period of sixty days. (Id.)

Concepcion appealed Incident Report 298315 to the Regional Office on July 20, 2017, by filing Remedy 909669-R1. (Doc. 10-1, Declaration of Matthew Lavelle

---

available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Therefore, Concepcion's retaliation claim will not be considered in the context of habeas. He may pursue his retaliation claim in a civil rights action filed in the proper forum.

("Lavelle Decl.," ¶ 15; Doc. 10-1, p. 9). On July 21, 2017, the Northeast Regional Office rejected his appeal for not including a complete set of pertinent Federal Bureau of Prison forms, and failing to submit the proper number of continuation pages. (Doc. 1, p. 37). The Northeast Regional Office advised "[y]ou may resubmit your appeal in proper form within 10 days of the date of this rejection notice." (Id.) On August 10, 2017, Concepcion re-filed the appeal by filing Remedy 909669-R2. (Doc. 10-1, Lavelle Decl. ¶ 17; Doc. 10-1, p. 11). On August 11, 2017, the Regional Office denied his appeal as untimely specifically noting "[y]our appeal of the rejection notice you received on 7-26-17 was due by 8-5-17. It was received on 8-10-17." (Id. ¶ 18; Id.; Doc. 1, p. 37).

On October 24, 2017, Concepcion sent a status request of appeal 909669-R2 asking why he had not received a response to his appeal. (Doc. 1, p. 410). On November 3, 2017, the Northeast Regional Office notified Concepcion that his appeal was received on August 10, 2017, and was rejected on August 11, 2017, as untimely. (Doc. 1, p. 39). He took no further administrative action. There is no record that Concepcion appealed 909669-R2 to BOP's Central Office prior to filing the instant petition. (Doc. 10-1, Lavelle Decl. ¶ 19). In addition, he filed no other remedies challenging Incident Report 298315. (Id. at 20).

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (28 C.F.R. §§ 542.10, *et seq*.). With respect to disciplinary hearing decision appeals, a BOP inmate can

initiate the first step of the administrative review process by filing a direct written appeal using the appropriate BP-10 form to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the disciplinary hearing officer's written report. (Doc, 10-1, Lavelle Decl. ¶ 11, citing 28 C.F.R. § 542.14). If dissatisfied with the Regional Director's response, an appeal using the appropriate BP-11 form may be filed within thirty calendar days with the BOP's Central Office. (Id. at 12, citing 28 C.F.R. § 542.15). This is the inmate's final available administrative appeal. "Central Office must reach a decision on the merits before an inmate [sic] appeals are considered exhausted." (Id. at 13).

"A search of BOP's administrative database reveals that Concepcion has never filed an administrative remedy at BOP's Central Office after the May 18, 2017, incident report 2989315 of which he complains. Nor did he have an appeal accepted by BOP's Regional Office regarding incident report number 2989315." (Id. at 14).

## II. DISCUSSION

Respondent argues that the petition should be dismissed based on Concepcion's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 10, p. 5). Concepcion argues that exhaustion is "generally preferred" but not a jurisdictional requirement for a § 2241 petition. (Doc. 11, p. 2).

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir.

2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

As detailed in the above background, Concepcion's appeal to the Northeast Regional Office was rejected on July 21, 2017. He was afforded ten days from the date of the rejection notice to re-file the appeal. Thus, his appeal documents were due on August 5, 2017. According to the record, the documents were not refiled until August 10, 2017. Concepcion claims in his reply that he filed the documents on August 1, 2017, but offers no documentation to support this assertion. (Doc. 11, pp. 3, 4). Instead, he

urges the Court to view an August 1, 2017, Special Housing Unit videotape, which allegedly depicts him giving the appeal package to a Special Housing Unit Officer for mailing. He does not supply the Court with the videotape and has made no effort to retrieve, review or request the videotape.[2] Nor does he identify the Special Housing Unit Officer to whom he delivered the appeal package.

Significantly, even if the videotape did, in fact, demonstrate that Concepcion delivered the documents for mailing to the Northeast Regional Office on August 1, 2017, rather than August 10, 2017, this would not cure his failure to exhaust his administrative remedies. When he received the November 3, 2017, notice that his appeal was rejected as untimely, he made no effort to correct the error *via* administrative relief from the Northeast Regional Office. (Doc. 1, p. 39). Nor did he present the issue to the Central Office. Instead, Concepcion filed the instant petition.

Concepcion has filed a significant number of administrative remedy requests while in BOP custody. (Doc. 10-1, pp. 7-15). Despite being aware of the BOP's exhaustion requirements, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). Because he has not alleged facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by

---

[2] Concepcion has filed a number of motions seeking discovery and requesting "permission to expand his evidence." At no point does he request production of the Special Housing Unit videotape.

allowing Concepcion to invoke the judicial process despite failing to complete administrative review.

## III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241will be denied.  Concepcion's pending motions (Docs. 12, 13, 17-19) will also be denied.

An appropriate order will issue.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

Dated:  August 22, 2018